ORIGINAL

FILED

JAN 28 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES DIAZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. No. 07-2424GT<br>Cr. No. 05-1586GT<br><br>**ORDER** |

On December 28, 2007, Petitioner, Moses Diaz ("Mr. Diaz"), filed a Motion to Run Supervised Release Concurrently, not to revoke his supervised release and to dismiss his supervised release. For the reasons stated below, Mr. Diaz' Motion is **DENIED.**

First, Mr. Diaz pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Diaz explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Diaz expressly waived his statutory right to appeal or collaterally attack his sentence in his plea

agreement, Mr. Diaz is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Second, there is no indication form the Courts' records that his current term of supervised release will not be run concurrently with any other terms of supervised release or probation. Mr. Diaz also seems to request that this Court immediately revoke his supervised release. However, the district court may revoke a term of supervised release after it has expired if: 1) the violation warrant or summons was issued before the term of supervised release expired; and 2: the delay between the end of the term of supervised release and the district court's revocation is "reasonable necessary for the adjudication of matters arising before [the term's] expiration." 18 U.S.C. § 3583(I); <u>United States v. Garrett</u>, 253 F.3d 443, 446 (9th Cir. 2001). The Ninth Circuit has held that the Government may wait until the defendant is released from state or federal custody before revoking his term of supervised release. <u>Id</u> at 450. In essence, the Government is not required to writ a defendant out of state or federal custody and bring him into federal district court for his revocation hearing. <u>Id</u>.

Finally, Mr. Diaz seems to argue that the OSC should be dismissed because the Court has not complied with the strictures of Fed. Rule Crim. Proc. 32.1. Since Mr. Diaz' supervised release has not yet been revoked, there is no violation of this Rule. Accordingly,

**IT IS ORDERED** that Mr. Diaz Motion is **DENIED**.

1-25-08
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter

05CR1586